Louis D. Laurino, J.
This is a proceeding to settle the account of an administrator containing a request for the approval of counsel fees. None of the distributees is under a disability and none has .succeeded in filing objections to the fee requested.
*205 However, in view of the actions of .some of the distributees, an account of events is in order. The citation was originally returnable on July 11, 1974, and although proof of service was filed at that time, the matter was adjourned until August 22, 1974. The minutes reflect that some of the distributees appeared in person on the calendar call of July 11, 1974, and stated in open court that they wished to object to the claim for counsel fees. The court explained that oral pleadings were improper, that they were advised to retain counsel but that they had a right to file their own objections if they so wished. Furthermore it was explained that the formal written pleadings had to conform to the rules of the court and that neither the Judge nor any clerk could advise them as to the proper procedure.
On August 7, 1974, a paper purporting to be objections was received by the court. It was signed by five distributees, notarized, and contained a check for the filing fee in the correct amount. It was returned to the .sender by the clerk with a notation that the pleading did not comply with the law and could not be accepted for filing. The court here notes that the pleading was unacceptable because it was unverified and because it did not contain proof of service upon anyone else who had appeared. (SOPA 303; 22 NYCRR 1830.26, 1830.5.)
On August 13, 1974, the same paper, with the check now marked “ Void ” in large letters in red ink across the face of it, the clerk’s notation and a new note informing the clerk that his notation was unacceptable to the sender, was received by the clerk. This collection of papers, which was gradually improving its weight but not its admissibility, was again returned to the .sender in an official court envelope. This envelope, unopened, was returned to the court on August 20, 1974 by the Post Office, stamped “Refused”. At this point it is reasonable to conclude that the would-be objecting parties are more concerned with practicing harassment than they are with seriously pleading a cause. Accordingly, the court has no choice but to consider as unopposed the petitioner’s request to fix fees for his attorney.
The petitioner and his attorney state that a reasonable fee would be the sum ¡of $8,500. The account, which is a final one, was filed less than nine months after letters were issued. The bulk of the ¡estate consists of marketable securities. The original estate totaled approximately $124,000 and during the course of administration increased by approximately $10,000.
The attorney has submitted two separate affidavits of legal services. He states that in addition to the services customary *206 for an estate of this .size whose assets are principally marketable securities, 'he also had the additional feature of a contested proceeding for the appointment of the administrator, which was . ultimately settled after a pretrial conference. His estimate of 175 hours spent in this estate is not unreasonable under the circumstances, nor is his requested fee of $8,500.
Accordingly, the claim for counsel fees is allowed as requested, for all services rendered including preparation, entry and execution of the decree hereon.
Account settled.